ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| FRANCIS BINGS Y RAÚL CÁTALA MELÉNDEZ<br><br>Parte Recurrente<br><br><br>v.<br><br><br><br>CRISTINA ZALDUONDO<br><br>Parte Recurrida | KLRA202400246 | *Revisión Judicial,* procedente del Registro de Marcas y Nombres Comerciales del Departamento de Estado de Puerto Rico<br><br>Presentación Núm.: 244402-35-1 244403-05-1<br><br><br>Sobre: Cancelación (Regla 43) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2024.

Compareció ante este Tribunal la parte recurrente, el Sr. Francis Bings (en adelante, el "señor Bings") y el Sr. Raúl Cátala Meléndez (en adelante, el "señor Cátala Meléndez") (en adelante y en conjunto, los "Recurrentes"), mediante recurso de revisión judicial presentado el 15 de mayo de 2024. Nos solicitaron la revocación de la *Resolución Parcial* dictada por el Registro de Marcas y Nombres Comerciales (en adelante, "Registro de Marcas") el 23 de febrero de 2024, mediante el cual acogió el "**Informe y Recomendación del Oficial Examinador**" de 22 de febrero de 2024 y que recomendó se denegara una solicitud de sentencia sumaria presentada por los Recurrentes.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, prescindimos de la comparecencia de la parte recurrida al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal y *desestimamos* el recurso de epígrafe por falta de jurisdicción.

Número Identificador
SEN2024_____

**I.**

El caso de autos tuvo su origen el 26 de enero de 2023, con la presentación de una "**Solicitud de Cancelación de Registro de Marca**" interpuesta por los Recurrentes en contra de la Sra. Cristina Zalduondo (en adelante, la "señora Zalduondo" o "Recurrida"). Mediante la misma, los Recurrentes solicitaron que la titularidad de los registros de la marca comercial "The Bloom Room" fueran cancelados y traspasados a las siguientes entidades: (1) Local Green Group LLC y (2) True Bloom Ventures LLC.

Así las cosas, el 7 de noviembre de 2023, los Recurrentes presentaron una "**Moción de Sentencia Sumaria**". Tras la radicación por parte de la Recurrida de una "**Oposición a la Moción de Sentencia Sumaria**", el Registro de Marcas emitió una *Resolución Parcial* mediante la cual declaró "No Ha Lugar" la "**Moción de Sentencia Sumaria**" Insatisfechos con esta determinación, los Recurrentes presentaron una "**Moción de Reconsideración**", la cual fue declarada "No Ha Lugar" mediante *Resolución Parcial* de 15 de abril de 2024.

Aún inconformes con lo anteriormente resuelto, los Recurrentes acudieron ante este Tribunal mediante el recurso de epígrafe, en el que señalaron los siguientes errores:

1. ERRÓ LA AGENCIA ADMINISTRATIVA AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PRESENTADA POR LOS PETICIONARIOS EN CUANTO QUE EL REGISTRO DE LA MARCA Y NOMBRE COMERCIAL "THE BLOOM ROOM" A NOMBRE DE LA ACTUAL TITULAR REGISTRAL FUE A BASE DE INFORMACIÓN FALSA JUNTO A DOCUMENTOS A NOMBRE DE LA CORPORACIÓN "TRUE BLOOM VENTURES LLC".

2. ERRÓ LA AGENCIA ADMINISTRATIVA AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PRESENTADA POR LOS PETICIONARIOS CUANDO DE LA EVIDENCIA SURGE QUE LA ACTUAL TITULAR REGISTRAL NO FUE QUIÉN PRIMERO UTILIZÓ LA MARCA Y NOMBRE COMERCIAL "THE BLOOM ROOM" EN EL COMERCIO.

**II.**

El Artículo 4.006 (c) de la Ley Núm. 201-2003, según enmendada, conocida como la *Ley de la Judicatura de 2003*, dispone que mediante el

recurso de revisión judicial el Tribunal de Apelaciones acogerá, como cuestión de derecho, "las **decisiones, órdenes y resoluciones <u>finales</u>** de organismos o agencias administrativas". 4 LPRA sec. 24y (énfasis suplido).

Por su parte, la Sección 4.6 de la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (en adelante, la "LPAU"), establece –en su parte pertinente– lo siguiente:

> **El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones <u>finales</u> de organismos o agencias administrativas**. 3 LPRA sec. 9676 (énfasis suplido).

Asimismo, la Sección 4.2 del precitado estatuto expone que:

> Una parte adversamente afectada por una **orden o resolución <u>final</u>** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA sec. 9672 (énfasis suplido).

Así, la LPAU establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por las agencias administrativas de Puerto Rico. Por virtud de dicha ley, una parte que haya sido afectada adversamente por una **<u>orden o resolución final</u>** de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones. Comisionado de Seguros v. Universal, 167 DPR 21, 28 (2006).

La Sección 1.3 de la LPAU dispone que una orden o resolución "significa cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas, excluyendo órdenes ejecutivas emitidas por el Gobernador". 3 LPRA sec. 9603(g). De igual forma, dicho estatuto especifica que una orden o resolución **parcial**

constituye aquella "acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma". 3 LPRA sec. 9603(h). Asimismo, define **orden interlocutoria** como aquella "acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal". 3 LPRA sec. 9603(i).

Con la intención de evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales, la Asamblea Legislativa circunscribió la revisión judicial exclusivamente a los dictámenes **finales** de las agencias. "Al así hacerlo, se aseguró que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia". Comisionado de Seguros v. Universal, *supra,* págs. 28-29.

Nuestro máximo foro judicial ha definido una orden o resolución **final** de una agencia administrativa como aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. "Se trata de la resolución que culmina en *forma final* el procedimiento administrativo respecto a todas las controversias. Ello, a su vez, hace ejecutable entre las partes la decisión administrativa y, por ende, susceptible de revisión judicial". Íd., págs. 29-30 (énfasis en el original).

Respecto a una orden o resolución **interlocutoria**, la Sección 4.2 de la LPAU reza lo siguiente:

> Una orden o **resolución interlocutoria** de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, **no serán revisables directamente**. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. 3 LPRA sec. 9672 (énfasis suplido).

No obstante, aunque –como regla general– es necesario que la orden o resolución sea final para que sea susceptible de revisión por parte del Tribunal de Apelaciones, el Tribunal Supremo de Puerto Rico ha establecido que una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de

Apelaciones las resoluciones finales de una agencia administrativa. Comisionado de Seguros v. Universal, *supra*, pág. 30; Procuradora Paciente v. MCS, 163 DPR 21, 36 (2004); J. Exam. Tec. Méd. v. Elías *et al*., 144 DPR 483, 492 (1997). Esta excepción se debe a que sería "innecesario e injusto requerirle a una parte que litigue si el organismo administrativo carece de jurisdicción con el solo fin de que se cumpla con el requisito de finalidad." Comisionado de Seguros v. Universal, *supra,* pág. 30.[1]

> Sin embargo, es imperativo aclarar que no toda alegación de ausencia de jurisdicción va a tener el efecto de liberar a la parte de culminar sus gestiones en la agencia, ni implicará una aplicación automática de la excepción. Solamente en aquellos casos en los que la agencia administrativa carece realmente de jurisdicción, sería revisable por el Tribunal de Apelaciones. Íd., págs. 30-31.

**III.**

Conforme el tracto procesal reseñado, queda claro que los Recurrentes solicitaron la revocación de la *Resolución Parcial* emitida por el Registro de Marcas, a través de la cual se denegó la disposición sumaria del caso, tras entender que existía controversia en cuanto al uso de la marca en el comercio y sobre la persona o entidad en ser el primer usuario de la misma. Es, pues, evidente que los Recurrentes acudieron ante nos de un dictamen que no es final, pues no dispuso del caso ante la agencia administrativa y tampoco tuvo efectos dispositivos sobre las partes. Nótese que aún quedan pendientes las controversias medulares que dieron origen al caso ante la agencia administrativa. Esto es, no se trató de la determinación que culminó en forma final el procedimiento administrativo respecto a todas las controversias y, por tanto, no es revisable mediante el recurso de revisión judicial que nos ocupa.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso ante nos

---

[1] Citando a D. Fernández, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Colombia, Ed. Forum, 2001, págs. 474–475.

por falta de jurisdicción, pues no contamos con un dictamen final de la agencia que pueda ser revisable ante este Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones